FILED

08 MAY 22 AM 9:50

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:         DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VERBLE,<br><br>                Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>                Defendant. | Case No. 07cv0472 BEN (BLM)<br><br>ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE; AND (3) DISMISSING ACTION WITHOUT PREJUDICE |

      Plaintiff Michael Verble has filed a Complaint against the United States, alleging that Defendant unlawfully withheld his Social Security benefits. Dkt. No. 1 (Mar. 15, 2007). Instead of paying the $350.00 filing fee, Verble moves to proceed *in forma pauperis*. Dkt. No. 2 (Mar. 15, 2007). He also requests the Court to appoint counsel. Dkt. No. 4 (Mar. 15, 2007). For the reasons set forth below, the Court denies (1) Verble's motion to proceed *in forma pauperis*; and (2) his request for appointment of counsel without prejudice. Furthermore, the Court dismisses the Complaint without prejudice.

## FACTS

### I.    The Complaint

      Verble alleges that he was involved in several litigations against Defendant and that he sought asylum with the United Nations High Commissioner for Refugees. Dkt. No. 1 at 1. He claims that as a result of the litigations and his asylum application, Defendant withheld his Social Security benefits. *Id.* at 1. Together with the Complaint, he submits several exhibits. *Id.* at 2-5.

## II. Motion to Proceed *in Forma Pauperis*

Using a form Motion and Declaration, Verble states that he was unemployed and received federal benefits as his sole source of income. Dkt. No. 2 at 2. He claims to have received no benefits since October 2006, but fails to explain the source of funds for his day-to-day expenses. *Id.* at 3. He also states that he own certain property relating to his litigations, but fails to identify the value of the property. *Id.* With respect to debts, he states that he owes the Hong Kong immigration authorities an unspecified amount in airfare from Hong Kong to Los Angeles, California. *Id.* Nowhere in his Motion and Declaration does he provide any details of his income, property, and debts.

## III. Request for Appointment of Counsel

Verble's Request is equally vague. Although he discloses a $4,230.00 income, he did not provide the time period for the income. Dkt. No. 4 at 5. He again claims to own property, but fails to identify the nature and value of his property. *Id.* at 6. He does not claim to have any dependant. *Id.* at 6-7. Nor does he list his monthly expenses or debts. *Id.*

To show his efforts to retain counsel, he states he contacted the ACLU and "Internet attorneys." *Id.* at 4. He does not, however, explain the content and result of his communications with potential counsel. Nor does he state the reason why he failed to retain counsel. *Id.* 3-4.

## DISCUSSION

Under 28 U.S.C. § 1915, this Court has broad discretion to grant or deny Verble's motion to proceed *in forma pauperis* and request for appointment of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). The Court addresses his motion and request in turn.

### I. Verble's Motion to Proceed *in Forma Pauperis* Must Be Denied for Failure to Demonstrate Indigency

To prevail on this motion, Verble need not show that he is completely destitute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). He must, however, demonstrate his indigency with "some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (*per curiam*).

Verble has failed to meet this burden. He does not explain the source of his funds for day-to-day expenses, despite his claim that he had no income since October 2006. Dkt. No. 2 at 2. Nor does

he specify the amount of his debts. *Id.* at 3. As a result, he cannot demonstrate his indigency with certainty. *McQuade*, 647 F.2d at 940. Accordingly, the Court denies Verble's motion to proceed *in forma pauperis*.

## II. Verble's Request for Appointment of Counsel Must Be Denied for Failure to Demonstrate Exceptional Circumstances and Requisite Efforts to Secure Counsel

The Constitution provides no right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent litigants under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To find exceptional circumstances, the Court must evaluate "both 'the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.*

Verble has demonstrated his ability to handle the initial steps of this litigation. He competently filed a Complaint, together with exhibits, and two motions. His purported claims do not appear to involve complex legal issues. Nor do these claims show a likelihood of success on the merits. Accordingly, consideration under the *Terrell* test counsels against appointment of counsel at this stage of the litigation. *Terrell*, 935 F.3d at 1017.

Moreover, Verble's request for appointment of counsel should be denied because he has failed to show that he made "a reasonably diligent effort to secure counsel." *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (Brewster, J.). He claims to have contacted the ACLU and unspecified "Internet attorneys." Dkt. No. 4 at 4. Because he fails to explain the content of his communications with potential counsel and the reasons for his failure to retain counsel, the Court lacks a factual basis to determine whether he met the reasonably-diligent-effort requirement. Accordingly, Verble's request for appointment of counsel is denied without prejudice. *Terrell*, 935 F.2d at 1017.

///
///
///

## CONCLUSION

For the reasons set forth above, the Court denies (1) Verble's motion to proceed *in forma pauperis*; and (2) his request for appointment of counsel without prejudice.

To commence this action, Verble must pay a $350.00 filing fee, unless this Court grants his motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. 28 U.S.C. §§ 1914-15; *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) ("An action may proceed despite failure to pay the filing fees only if the party is granted [*in forma pauperis*] status."). Because his motion is denied, this action is dismissed without prejudice and may be re-opened if he pays the required filing fee within 60 days of the entry of this Order.

IT IS SO ORDERED.

Dated: May 20, 2008

Roger T. Benitez
United States District Judge